IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

GERALD BUTLER,

Plaintiff,

v.

HORSE RACING INTEGRITY AND SAFETY AUTHORITY,

Defendant.

Case No. 25-1325

# PLAINTIFF GERALD BUTLER'S COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION TO STAY ENFORCEMENT OF ARBITRATION DECISION UNDER HISA RULE 3214(a)

Plaintiff, Gerald Butler, by and through undersigned counsel, pursuant to Rule 65 of the Federal Rules of Civil Procedure and the Local Rules of this Court, respectfully moves for a Preliminary Injunction enjoining Defendant, the Horse Racing Integrity and Safety Authority ("HISA"), from enforcing the arbitration decision issued on February 13, 2025, against Plaintiff Gerald Butler.

In support of this Motion, Plaintiff states as follows:

1. Plaintiff seeks immediate injunctive relief to stay the enforcement of an adverse arbitration decision rendered on February 13, 2025, pursuant to HISA Rule 3214(a). This decision imposes severe and irreparable sanctions, including a twenty (20) month period of ineligibility, a $10,000 fine, and $5,000 in adjudication costs.

2. As more fully set forth in the accompanying Memorandum of Law in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff is likely to succeed on the merits of his claim that the arbitration decision, based on HISA's definition and application of "Possession" under Rule 3214(a) and Rule 1020, violates his Fifth

Amendment right to due process. The rule, as applied, imposes strict liability for unknowing possession of a banned substance, even when that substance belongs to a third party and Plaintiff was unaware of its presence, thereby failing to provide fair notice or safeguard against arbitrary enforcement.

3. Plaintiff will suffer immediate and irreparable harm if the arbitration decision is enforced, including significant damage to his professional license, reputation, and livelihood, which cannot be adequately remedied by monetary damages.

4. The balance of equities tips in Plaintiff's favor, as the harm to Plaintiff from immediate enforcement far outweighs any prejudice to HISA from a temporary stay.

5. An injunction serves the public interest by ensuring that administrative decisions made under federal authority adhere to constitutional protections and promote fairness within the horse racing industry.

6. The requested injunction is narrowly tailored to provide complete relief to Plaintiff Gerald Butler and is consistent with the principles articulated by the Supreme Court in *Trump v. CASA, Inc.* It seeks to enjoin HISA from enforcing the specific arbitration decision *only as it applies to Plaintiff Gerald Butler*, without seeking to broadly invalidate HISA rules or affect other parties.

## I. INTRODUCTION

7. This case concerns the enforcement of an administrative decision arising from an arbitration proceeding conducted under the authority of HISA. On February 13, 2025, an arbitration panel issued a final decision against Plaintiff Gerald Butler, a veteran racehorse trainer, finding him in violation of HISA Rule 3214(a) for "Possession" of a banned

substance and imposing severe penalties, including a twenty (20) month period of ineligibility, a $10,000 fine, and $5,000 in adjudication costs. (See Exhibit 1) These sanctions threaten his career, reputation, and livelihood.

8. Plaintiff seeks preliminary injunctive relief to preserve the status quo while this Court reviews the legality and constitutionality of that decision. The arbitration process, particularly HISA's definition and application of "Possession," was procedurally flawed and constitutionally deficient, and enforcement of the decision would cause irreparable harm. For these reasons, the requested relief, narrowly tailored to protect Plaintiff Gerald Butler, is necessary and appropriate.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and federal law, including the Horseracing Integrity and Safety Act of 2020, 15 U.S.C. § 3051 et seq., and the Due Process Clause of the Fifth Amendment. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred within the Southern District of Illinois, where Plaintiff resides and is licensed to train.

## III. FACTUAL BACKGROUND

10. Plaintiff Gerald Butler is a licensed racehorse trainer residing and working in the Southern District of Illinois. On June 21, 2024, HISA investigators conducted a compliance search at Plaintiff's barn, Barn I, at FanDuel Sportsbook & Horse Racing in Collinsville, Illinois. During this search, investigators located a container labeled "Vet Smart" holding a white powder, which was subsequently labeled as Evidence Item MC-03. Laboratory analysis by Industrial Laboratories, Inc. confirmed that MC-03 contained Thyroxine (Levothyroxine,

also known as Thyro-L), a banned substance under HISA's Anti-Doping and Medication Control ("ADMC") Program.

11. Crucially, the arbitration record demonstrates that the Thyro-L found belonged to Ms. Tory Hughes, an individual who occasionally assisted Plaintiff and used space in his barn for her pony horses, which are not subject to HISA regulations. Ms. Hughes testified that she used the Thyro-L for her pony horses, and that her brother had purchased it for her. Plaintiff Gerald Butler consistently testified that he was *unaware* that Ms. Hughes was keeping Thyro-L in his feed room and that, had he known, he would have instructed her to remove it. His testimony was corroborated by his Assistant Trainer, Stacy Muskopf, and Ms. Hughes.

12. Despite Plaintiff's lack of knowledge regarding the substance, HISA initiated an investigation. On August 14, 2024, Plaintiff was served with an Equine Anti-Doping (EAD) Notice of Alleged Anti-Doping Rule Violations, and subsequently, on September 23, 2024, HISA issued a formal EAD Charge Letter, alleging a violation of ADMC Program Rule 3214(a) for "Possession" of a banned substance.

13. An arbitration hearing was held, culminating in a Final Decision on February 13, 2025. The arbitration panel found Plaintiff in violation of Rule 3214(a). In reaching this conclusion, the Arbitrator explicitly stated that "whether Trainer Butler was aware it was in his feed room is of no legal consequence under the definition of Possession" because he had "exclusive control over the premises." The Arbitrator further found that Plaintiff's conduct demonstrated "significant fault" for failing to make inquiries about substances Ms. Hughes brought into his barn, even though there was "no evidence that Trainer Butler knew that the Thyro-L was in his feed room or that it was in his feed room for any improper

purpose." As a result, Plaintiff was suspended for twenty (20) months, fined $10,000, and assessed $5,000 for adjudication costs. These sanctions are effective immediately absent judicial intervention.

## IV. LEGAL STANDARD

14. To obtain a preliminary injunction under Federal Rule of Civil Procedure 65, the movant must establish: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## V. ARGUMENT

I. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

**A. The Arbitration Proceeding Violated Plaintiff's Right to Due Process**

15. Although structured as a private organization, HISA exercises authority delegated by Congress under the Horseracing Integrity and Safety Act of 2020, 15 U.S.C. § 3051 et seq., and is thus subject to constitutional constraints, including the Due Process Clause of the Fifth Amendment. *See Humane Soc'y of the United States v. USDA*, 865 F.3d 1 (D.C. Cir. 2017). Due process requires, at a minimum, fair notice of prohibited conduct and safeguards against arbitrary enforcement. *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012).

16. In this case, HISA's Rule 3214(a) on "Possession," as defined in Rule 1020 and applied by the arbitration panel, fails to meet these fundamental due process requirements. Rule 1020 defines "Possession" to include "constructive possession (which shall be found only if the Covered Person has exclusive control or intends to exercise exclusive control over the

Prohibited Substance or Prohibited Method or the premises in which a Prohibited Substance or Prohibited Method exists)." The Arbitrator explicitly found that Plaintiff had "exclusive control over the premises" (his barn) and that, under HISA's rule, Plaintiff's lack of awareness of the Thyro-L's presence was "of no legal consequence."

17. This strict liability interpretation, which holds a trainer accountable for a banned substance found on their premises even when they have no knowledge of its presence and it belongs to a third party, is unconstitutional as applied. It creates a punitive regime where an individual can be subjected to severe professional and financial penalties without any showing of intent. Such a standard is particularly egregious when applied to a rule that purports to regulate "possession," a term that inherently implies some degree of knowledge or control in common legal understanding.

18. Furthermore, while the Arbitrator assessed "significant fault" against Plaintiff for failing to inquire about substances Ms. Hughes was bringing onto his premises, this "utmost caution" standard, when coupled with strict liability for unknowing possession, creates an impossible and arbitrary burden. It effectively requires trainers to constantly police every item brought onto their property by any individual with access, regardless of their relationship or the nature of the items, to avoid a violation. This places an unreasonable and unpredictable burden on individuals, leading to potentially arbitrary enforcement and a lack of fair notice regarding the precise conduct that constitutes a violation.

**B. HISA Rule 3214(a) Is Unconstitutionally Vague and Overbroad as Applied**

19. The application of HISA Rule 3214(a) through its definition of "Possession" under Rule 1020 is also unconstitutionally vague and overbroad. A regulation is unconstitutionally vague if it fails to provide people of ordinary intelligence a reasonable opportunity to

understand what conduct it prohibits. It is overbroad if it prohibits a substantial amount of constitutionally protected conduct. While the latter may not be directly applicable here, the vagueness argument is potent.

20. The rule, as interpreted, fails to provide clear guidelines for trainers to avoid violations when third parties introduce substances onto their premises without the trainer's knowledge or intent. The concept of "exclusive control over the premises" is stretched to an extreme, making a trainer strictly liable even for items brought by others, effectively imposing an absolute insurer status. This lack of clarity regarding the scope of responsibility, particularly in the absence of a knowledge requirement, invites arbitrary enforcement and fails to provide trainers with fair notice of how to comply. Penalizing an individual for actions entirely outside their knowledge or reasonable control, particularly with severe professional consequences, violates fundamental due process principles.

**II. PLAINTIFF WILL SUFFER IRREPARABLE HARM WITHOUT INJUNCTIVE RELIEF**

21. Absent judicial intervention, Plaintiff faces immediate and irreparable harm. The enforcement of the February 13, 2025, arbitration decision will prevent Plaintiff from continuing to work as a licensed trainer for twenty (20) months. This lengthy suspension, coupled with the imposition of a $10,000 fine and $5,000 in adjudication costs, will cause devastating and irreversible damage to Plaintiff's standing and relationships within the racing community. Courts routinely recognize that harm to a professional license, reputation, and livelihood constitutes irreparable injury that cannot be adequately remedied after the fact. *See Brinkman v. Budish*, 692 F.3d 771, 776 (7th Cir. 2012). The loss of income, business, and reputation over such a prolonged period would be catastrophic for Plaintiff, a veteran trainer with a longstanding career.

### III. THE BALANCE OF EQUITIES FAVORS INJUNCTIVE RELIEF

22. The temporary relief requested here preserves the status quo pending this Court's review of the underlying decision. HISA will suffer no undue prejudice from a brief delay in enforcing a decision that is likely unconstitutional. Its legitimate regulatory functions will not be broadly impeded, as this injunction is narrowly tailored. In contrast, Plaintiff faces devastating personal and professional consequences if the sanctions take effect prematurely, including the effective termination of his livelihood for nearly two years based on a flawed process. The balance of hardships clearly favors Plaintiff.

### IV. AN INJUNCTION IS IN THE PUBLIC INTEREST

23. The public interest is served by ensuring that administrative decisions made under federal authority are fair, lawful, and constitutionally sound. Granting injunctive relief promotes transparency, accountability, and fairness within the racing industry. It reinforces the fundamental principle that even entities delegated federal authority must comply with constitutional due process, thereby fostering public trust in the integrity of regulatory oversight.

### V. THE REQUESTED INJUNCTION ALIGNS WITH *TRUMP V. CASA, INC.*

24. Plaintiff explicitly clarifies that the injunctive relief sought is narrowly tailored and is *not* a "universal" or "nationwide" injunction. This request fully comports with the Supreme Court's recent decision in *Trump, President of the United States, et al. v. CASA, Inc., et al.*, No. 24A884 (U.S. June 27, 2025).

25. In *Trump v. CASA, Inc.*, the Supreme Court held that federal courts generally lack the equitable authority to issue universal injunctions that extend relief beyond the named

parties. The Court emphasized that injunctions should be "no broader than necessary to provide complete relief to each plaintiff with standing to sue."

26. Plaintiff presents the following alternative requests for the scope of the injunction, each consistent with the principles of *Trump v. CASA, Inc.*:

**Alternative 1: Injunction Limited to the Southern District of Illinois.**

27. Plaintiff requests an injunction limited to preventing HISA from being applied within the geographical confines of the Southern District of Illinois. This alternative would aid in judicial efficiency, as there are a number of other related cases within this District where HISA is at play and the parties are questioning its constitutionality. Granting such an injunction would maintain the status quo until these issues are resolved by the courts. While Trump v. CASA, Inc. generally disfavors geographically limited injunctions unless strictly necessary for the plaintiff's complete relief, this alternative would still be significantly narrower than a universal injunction. It would address the potential for inconsistent application of HISA's likely unconstitutional "Possession" rule within the specific federal judicial district where Plaintiff resides and operates, mitigating some of the "patchwork" concerns that might arise if the rule is deemed unconstitutional as applied.

**Alternative 2: Injunction Limited to the Arbitration Decision Against the Plaintiff.**

28. This alternative seeks an injunction strictly limited to preventing HISA from enforcing the February 13, 2025, arbitration decision against Plaintiff Gerald Butler. This specific relief is precisely what is "necessary to provide complete relief" to Plaintiff for the irreparable harm he faces from the likely unconstitutional application of HISA's rules in his individual case. Granting this injunction does not create a "de facto class action" or extend relief to any non-party. It simply protects Plaintiff's individual rights and livelihood while the

legality of HISA's actions in his case is fully adjudicated. This is not a scenario where a broader injunction is "unworkable" or "all but impossible" to devise for individual relief. HISA can readily comply with an order preventing it from sanctioning Plaintiff Gerald Butler without affecting its operations concerning other trainers or individuals.

29. Therefore, the requested injunction, in either alternative, is fully consistent with the Supreme Court's guidance, focusing on providing specific, complete relief to the named Plaintiff without overreaching the traditional bounds of equitable authority.

## VI. CONCLUSION

30. For the reasons set forth above, Plaintiff Gerald Butler has established a strong likelihood of success on the merits, a likelihood of irreparable harm, that the balance of equities tips in his favor, and that an injunction is in the public interest. The requested relief is narrowly tailored to protect Plaintiff's constitutional rights and is fully consistent with recent Supreme Court precedent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gerald Butler respectfully requests that this Court:

1. Issue a Preliminary Injunction enjoining Defendant HISA from enforcing HISA Rules within the geographical confines of the Southern District of Illinois;

—OR, IN THE ALTERNATIVE—

2. Issue a Preliminary Injunction enjoining Defendant HISA from enforcing the final arbitration decision issued on February 13, 2025, specifically as it applies to Plaintiff Gerald Butler's period of ineligibility, monetary fines, and payment of adjudication costs;

3. Require Plaintiff to post a nominal bond as security for the injunction, pursuant to Federal Rule of Civil Procedure 65(c); and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Lloyd M. Cueto_____
Lloyd M. Cueto #6292629
Law Office of Lloyd M. Cueto, P.C.
7110 West Main
Belleville, IL 62223
Phone: 618-277-1554
Fax: 618-277-0962
cuetolm@cuetolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the July 3, 2025, served a copy of the above and foregoing amended complaint upon all parties to this proceeding by means of the CM/ECF system, which will electronically distribute the pleading to named counsel for all parties.

/s/Lloyd M. Cueto_____
Lloyd M. Cueto